IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE BATTLE,

        Plaintiff,                    No. Civ. S-02-0029 JAM EFB P

    vs.

LOUISE PRINTZ, M.D., et al.,

        Defendants.              <u>ORDER</u>

                               /

On January 7, 2002, plaintiff commenced this action alleging that defendants violated his civil rights. *See* 42 U.S.C. § 1983. On May 12, 2008, the remaining defendant in this action notified the court of plaintiff's death by filing a notice of suggestion of death upon the record. Defendant also served the suggestion of death on plaintiff's apparent children, Anthony Battle and Andrea Haygood. After service of a statement noting death, a person who wishes to substitute for the deceased has 90 days to file a motion to be substituted as the plaintiff. Fed. R. Civ. P. 25(a)(1).

On May 19, 2008, Andrea Haygood filed a letter with this court, requesting that she and her brother, Anthony Battle, "be replaced as [the] proper part[ies]." The court construes this letter as a motion for substitution pursuant to Rule 25. Defendant did not file an opposition or statement of non-opposition to the request.

1

In section 1983 actions, survivors of a deceased individual whose rights were violated before death may assert these personal claims on the decedent's behalf if state law authorizes a survival action. 42 U.S.C. § 1988(a); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). Under California's survival statute, "a cause of action for or against a person is not lost by reason of the person's death, but survives . . . ." Cal. Civ. Proc. Code § 377.20(a). A pending action may be continued by "the decedent's personal representative or, if none, by the decedent's successor in interest." *Id.* at § 377.31. The California Probate Code defines "personal representative" as "executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to [Probate Code] Section 7660, or a person who performs substantially the same function of another jurisdiction governing the person's status." Cal. Prob. Code § 58(a). The "decedent's successor in interest" is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11. The "successor in interest" may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law. *Id.* at §§ 377.31, 377.32; *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006).

Here, Haygood's motion offers no indication as to whether she and Battle intend to proceed in a representative capacity as successors in interest or as the personal representatives of the decedent's estate. Nor is any information provided that would allow the court to conclude that either she or Battle is the personal representative or successor in interest of the decedent's estate.

////

////

////

////

| | |
|---|---|
| 1 | Accordingly, the court ORDERS Haygood to show cause on or before May 15, 2009, |
| 2 | why the decedent's claims against defendant should not be dismissed because Haygood has not |
| 3 | shown that she is the personal representative or successor in interest of the decedent's estate. |
| 4 | The Clerk is directed to serve a copy of this order on Ms. Haygood at the address provided on |
| 5 | her letter filed May 19, 2008. |
| 6 | So Ordered. |
| 7 | Dated: March 19, 2009. |

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE